| | |
|---|---|
| ANTHONY HACKETT | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| vs. | GENERAL JURISDICTION |
| SCP DISTRIBUTORS, LLC d/b/a POOL CORP., and BRENNTAG MID-SOUTH, INC. | CASE NO.: 20-25507 |
| Defendants. ____/ | **COMPLAINT** |

Plaintiff, ANTHONY HACKETT, sues Defendants, SCP DISTRIBUTORS, LLC D/B/A POOL CORP., (SCP) and BRENNTAG MID-SOUTH, INC., (Brenntag) and alleges:

### Factual and Jurisdictional Allegations

1. This is an action for damages that exceeds $30,000.00.

2. Plaintiff is and was a resident of Miami-Dade County at all times relevant.

3. Defendant SCP is a foreign limited liability corporation doing business in Miami-Dade County. Brenntag is a foreign corporation doing business in Miami-Dade County.

4. This Court has subject matter jurisdiction.

5. Venue is proper in Miami-Dade County because Defendants committed a tort in Miami-Dade County.

### Count 1 - Negligence

6. Plaintiff re-alleges and incorporates herein ¶s 1-5.

7. On or about 9/11/20, Defendant SCP had custody, control, and possession of a pool supply business located at 13070 SW 85 Ave Rd. Miami-Dade County. At all times material Brenntag maintained two large chlorine bleach tanks/filling stations at SCP's premises.

8. On that date, Plaintiff was a business invitee at Defendants' aforesaid premises. While filling jugs with Chlorine, the nozzle/valve at the end of the hose broke off and sprayed chlorine on Plaintiff's face, torso and lower body. As a result, Plaintiff sustained severe injuries.

9. Defendants owed a duty to Plaintiff to maintain their premises in a safe condition and to warn of any dangerous conditions. Defendants breached that duty by:

A) negligently maintaining the premises and the chlorine bleach fill stations;

Exhibit "A"

B) failing to regularly inspect and repair the hoses, hose clamps, nozzle, valves and components;

C) failing to have a readily accessible shut-off valve or emergency shutoff mechanism;

D) failing to have a proper eye-wash station; and

E) failing to warn the Plaintiff of this condition.

10. As a direct result of Defendants' negligence, Plaintiff was injured.

11. As a result, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing. Plaintiff will suffer the losses in the future and continue to incur expenses for the injuries sustained.

12. Plaintiff has complied with all conditions precedent to bringing this action and has retained the undersigned law firm and has agreed to pay them a reasonable fee.

WHEREFORE, Plaintiff demands judgment against Defendants for damages, court costs and pre-judgment interest as to Plaintiff's out-of-pocket past medical expenses, and for such other relief as the court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully Submitted,

**THE PIVNIK LAW FIRM**
7700 N. Kendall Drive, Suite 703
Miami, FL 33156
Ph. (305) 670-0095
Fax (305) 670-0094
PivnikLaw@aol.com
CdiezPivnikLaw@aol.com

By: **s/ Jerome A. Pivnik, Esq.**
Jerome A. Pivnik, Esq.
Fla. Bar No.: 400408

Dated: Nov. __, 2020.